UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHELTON BROTHERS, INC.,         )
        Plaintiffs              )
                                )
            v.                   )   C.A. NO. 13-30180-MAP
                                )
ALEPH WINES CORPORATION,        )
        Defendant                )

**MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**
(Dkt. Nos. 11 & 17)

September 10, 2014

PONSOR, U.S.D.J.

Plaintiff has filed this complaint seeking a declaratory judgment to the effect that it terminated its business relationship with Defendant legally and that Defendant has no cognizable claims against Plaintiff arising from the parties' relationship. Defendant has filed a Motion to Dismiss based on lack of jurisdiction, improper venue, and forum non conveniens (Dkt. No. 11). In the alternative, it asks that this case be transferred to South Carolina.

On March 10, 2014 this court referred Defendant's motion to Magistrate Judge David H. Hennessy for a Report and Recommendation. On July 21, 2014, in a painstaking and comprehensive memorandum, Judge Hennessy issued his recommendation to the effect that Defendant's motion should

be denied. Defendant filed a timely objection on August 4, 2014.

Having reviewed the substance of the Report and Recommendation and finding it meritorious, the court will adopt it and deny Defendant's motion. Defendant's objection offers three arguments.

First, Defendant points out that a simple purchase of goods from Massachusetts is not sufficient to provide a basis for exercise of personal jurisdiction. This may be true, as far as it goes, but the record confirms that a simple purchase is not what occurred here. Over nine years, Defendant regularly and voluntarily dispatched an agent to collect goods from Plaintiff's distribution center in this Commonwealth. Myriad phone calls, emails, and letters were exchanged between the parties relating to their lengthy business relationship. In the end Defendant's orders totaled over half a million dollars. The Supreme Court has emphasized that "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985)(citation omitted). That is precisely what happened here. The parties' contractual relationship

required Defendant to engage with Plaintiff in Massachusetts, and even voluntarily send an agent to this Commonwealth, on a consistent basis for a nine-year period. Contacts as regular and lengthy as this are more than sufficient to support exercise of personal jurisdiction over an out-of-state entity.

Second, Defendant argues that the parties did not, as the Magistrate Judge found, negotiate their contract from Massachusetts. In a sense this is true: the parties' frequent communications ran <u>between</u> Massachusetts and South Carolina. These negotiations, however, were part of the regular, voluntary interaction that brought Defendant into the Commonwealth. As one fragment of the mosaic forming the picture of the relationship as a whole, the negotiations were relevant to demonstrate grounds for the exercise of jurisdiction.

Third, Defendant alleges that Judge Hennessy improperly shifted the burden of demonstrating the absence of jurisdiction onto Defendant, instead of insisting that Plaintiff carry this burden as the law requires. Again, this argument is not persuasive. Even if some language in the recommendation appears to shift the burden -- and this is far from clear -- the record demonstrates that the bulk of the "gestalt" factors support the exercise of

jurisdiction, as Judge Hennessy found.  Litigating in this forum is not overly burdensome to Defendant.  Massachusetts retains a strong interest in the case.  Plaintiff's business is here and its choice of forum deserves respect.  The administration of justice would best be served by retaining the case.

No objection has been filed with regard to Judge Hennessy's recommendation regarding venue, the doctrine of <u>forum non conveniens</u>, or the motion to transfer, so discussion on these points is unnecessary.

For the foregoing reasons, the court, upon <u>de novo</u> review, hereby ADOPTS the Report and Recommendation (Dkt. No. 17).  Based upon this, the court hereby DENIES Defendant's Motion (Dkt. No. 11) in all respects.

The clerk will refer the case to Magistrate Judge Kenneth P. Neiman for a pretrial conference pursuant to Fed. R. Civ. P. 16.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U. S. District Judge